Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd., Ste. 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PAUL MEYER,** | Case No.: 3:15-cv-2367 |
| Plaintiff, | **COMPLAINT;** |
| vs. | OREGON UNLAWFUL TRADE PRACTICES ACT, ORS 646.608 *ET SEQ.* |
| **VOLKSWAGEN GROUP OF AMERICA, INC.,** | DEMAND FOR JURY TRIAL |
| Defendant. | |

## I.  INTRODUCTION

1.    This is an action for damages brought by an individual consumer against Defendant

for violations of the Oregon Unlawful Trade Practices Act, ORS 646.608, *et seq.*

## II.  JURISDICTION

2.    Jurisdiction is appropriate on grounds of diversity under 28 U.S.C. § 1332.

## III.  PARTIES

3.    Plaintiffs, Paul Meyer ("Consumer"), is a natural person who at all times relevant

hereto resided in the State of Oregon, Washington County.

4.    Defendant, Volkswagen Group of America, Inc. ("Dealer"), is a corporation and is

engaged in the sale of motor vehicles as its business, vocation or occupation.  Defendant's principal place of business is Auburn Hills, Michigan.

5.     On or about July 21, 2013, Consumer purchased a 2013 Volkswagen GOLF ("Vehicle"), Vehicle Identification No. WVWBM7AJ6DW030653, for $34,806.00 from Herzog-Meier Auto Center, inclusive of collateral charges incurred at the time of purchase.

6.     Prior to the sale of the Vehicle to Plaintiff by Defendant's authorized dealer, and in the course of Defendant's business, vocation or occupation, Defendant knew or should have known that its vehicle engineers had intentionally designed and installed in Plaintiff's vehicle an electronic device ("Defeat Device") whose purpose was to alter the vehicle's exhaust performance for the purpose of passing tests performed on vehicles by Oregon's Department of Environmental Quality and similar agencies in the United States and around the world.

7.     Prior to the sale of the Vehicle to Plaintiff by Defendant's authorized dealer, and in the course of Defendant's business, vocation or occupation, Defendant knew or should have known that the actual emissions of the Vehicle during normal daily driving exceeded the upper limit in parts-per-million for Nitrous Oxide and similar Nitrogen-Oxygen compounds set by the United States Environmental Protection Agency.  This deficiency, which makes the Vehicle unlawful to operate in much of the United States according to State and Federal environmental quality laws, was a "known material defect or material nonconformity" as that term is used in ORS 646.608(1)(t).

8.     Prior to the sale of the Vehicle to Plaintiff by Defendant's authorized dealer, and in the course of Defendant's business, vocation or occupation, Defendant intentionally withheld knowledge of the facts listed in paragraphs 5 and 6 from the public in order to ensure continued sales of the Vehicle's model and other models in which similar defeat devices were installed.

9.      Plaintiff did not discover and could not reasonably have discovered the facts stated in paragraphs 5-7 until shortly after September 18, 2015, when the EPA issued a notice of violation of the Clean Air Act against Defendant's parent company Volkswagen Group.  Plaintiff learned of Defendant's violations of the UTPA as outlined in this Complaint for the first time from news outlets reporting the notice of violation shortly thereafter.

10.     Defendant's failure to disclose known material defects caused Plaintiff to be damaged by causing him to purchase a vehicle for significantly more than he would have purchased it if such defects were disclosed.  In fact, Plaintiff would not have purchased the vehicle if he had known of the defects and no reasonable person would have.

11.     Defendant's failure to disclose known material defects to Plaintiff caused Plaintiff to be damaged by causing Plaintiff to purchase a vehicle for significantly more money than he would have purchased it for if such defect were disclosed.  In fact, Plaintiff would not have purchased the vehicle at all.

11.     Public knowledge of the noncompliance of the Vehicle with the Clean Air Act and of the excessive amount of dangerous pollution that the Vehicle emits when driven as compared with other vehicles, has caused Vehicle's value to diminish, damaging Plaintiff.

12.      Plaintiff reasonably relied on the nondisclosure of material defects in purchasing the Vehicle, and the fact that the known defects were not disclosed played a material part in Plaintiff's decision to purchase the Vehicle.

## CLAIM FOR RELIEF: UNLAWFUL TRADE PRACTICE

13.     Consumer reincorporates by reference all the preceding paragraphs.

14.     Defendant is a "person" as that term is defined in ORS 646.605(4).

15.     Defendant made the promises associated with the Vehicle in the course of its

business, vocation, or occupation.

WHEREFORE, pursuant to ORS 646.638, Consumer prays for relief against Defendant for actual damages in the approximate amount of $10,000, punitive damages in the amount of $5,000,000, any equitable relief to which Consumer may be entitled, all attorney fees, expert fees and court costs incurred during the commencement and prosecution of this matter, and all other relief deemed just and appropriate by this Court and/or authorized by ORS 646.638.

Dated this 17th day of December, 2015.

By:  s/Joshua Trigsted_____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff